# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cr70

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| GERSON ROMERO AVILA, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's motion to dismiss an indictment based on a violation of the Speedy Trial Act. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

### I.     Factual and Procedural Background

On March 15, 2011, defendant was indicted for illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(1). Defendant's initial appearance was on March 17, 2011 (Docket #2). Defendant was erroneously released from the Mecklenburg County Jail after his initial appearance on that same day. Defendant was arrested 14 days later on March 31, 2011 (Docket Entry #7). Forty-one days after his initial appearance, on or about April 27, 2011, defendant, through counsel, filed a Motion to Continue Docket Call/Trial (Docket Entry #11). The Court granted the Motion (Docket Entry #15). Defendant then filed a second Motion to Continue Docket/Trial on June 21, 2011 (Docket Entry #16). The Court granted this Motion as well and established September 6, 2011, as defendant's trial date (Docket Entry #17).

## II. Analysis

The Speedy Trial Act, 18 U.S.C. § 3161 (the "Act"), sets forth certain time limitations and exclusions to assure that criminal cases are not unnecessarily delayed. "In enacting the Speedy Trial Act, Congress sought to effectuate the Sixth Amendment guaranty of a speedy trial by limiting the amount of time allowed to pass between a defendant's indictment and trial." *United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998).

In support of the motion to dismiss the indictment, defendant's first claim for delay is based on the time from his second arrest on March 31, 2011, to the date of arraignment, on April 20, 2011. Defendant notes that the time from his second arrest to arraignment was at least twenty days, and he contends that this was an excessive delay. Defendant has not shown a Speedy Trial Act violation based on his arraignment date. *See United States v. Lawrence*, 308 F.3d 623, 628 (6th Cir. 2002).

Defendant next contends that the Speedy Trial Act was violated because defendant will not be tried within 70 days of his initial appearance. The Speedy Trial Act excludes several categories of delay because of pretrial motions, and this includes any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). *See United States v. Osteen*, 254 F.3d 521, 525 (4th Cir. 2001). Because defendant filed these motions, these amounts of time are excludible under the Speedy Trial Act.[1]

---

[1] Defendant appears to contend that because of the government's failure to release discovery, defendant was forced to file his motions to continue. The government has countered that it has released the discovery and defendant shall therefore have time to prepare for the September 6, 2011, trial date.

Furthermore, the "absence" of defendant based on the fact that he was mistakenly released from the Mecklenburg County Jail is also excludible under the Speedy Trial Act, which does not include as part of the seventy days "[a]ny period of delay resulting from the absence or unavailability of the defendant . . . ." 18 U.S.C. § 3161(h)(3)(A).

Because of the excludible time periods, seventy days as calculated by the Speedy Trial Act have not passed since defendant first appeared before a judicial officer. Therefore, defendant's motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's motion to dismiss by reason of the Speedy Trial Act (#18) is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 29, 2011

Max O. Cogburn Jr.
United States District Judge